UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN BREEDING                                               CIVIL ACTION NO.

VERSUS

                                                            23-372-JWD- EWD

HUDSON INSURANCE COMPANY

**NOTICE AND ORDER**

This is a civil action by John Breeding ("Plaintiff") for damages based upon the injuries he allegedly sustained on October 16, 2019 while travelling in Metairie, Louisiana (the "Accident"). The vehicle in which Plaintiff was a passenger was allegedly struck by the vehicle driven by James Hudson. On April 5, 2023, Plaintiff filed his Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge naming as the defendant "Hudson Insurance Company" ("HIC"), the alleged umbrella uninsured/underinsured (UM/UIM) motor vehicle carrier for Ron Paulin ("Paulin"), the driver of the vehicle carrying Plaintiff.[1] Plaintiff claims that he suffered personal injuries as a result of the Accident that have not been fully compensated for despite settlements with other applicable insurance companies.[2] On May 15, 2023, the matter was removed by Hudson Specialty Insurance Company ("HSIC"), who contends that it is the correct umbrella UM/UIM carrier, and further alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] R. Doc. 1-1, ¶ 2.
[2] R. Doc. 1-1, ¶¶ 2, 4-5, and *see* ¶¶ 6-8 and ¶¶ 14-17 (Plaintiff settled with James Hudson and his liability carrier, the UM/UIM carrier of Paulin, and his own UM/UIM carrier for their respective policy limits but those limits "are grossly inadequate to compensate Petitioner for his injuries and damages sustained in the October 16, 2019 motor vehicle collision.")
[3] R. Doc. 1, introductory paragraph and ¶¶ 2, 5.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The amount in controversy requirement appears likely met, as the Petition alleges that Plaintiff demanded $151,626 in past lost wages and $404,336 in future wages from HIC on February 27, 2023.[4] Plaintiff also seeks bad faith penalties and fees.[5]

The Notice of Removal properly alleges that Plaintiff is a Louisiana citizen.[6] HSIC alleges that it is incorporated, and has its principal place of business, in New York.[7] However, HSIC is not currently a named defendant in this suit, and neither the Notice of Removal nor the Petition adequately allege the citizenship of the named insurer defendant, HIC.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[8] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[9] However, some courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[10]

---

[4] R. Doc. 1-1, ¶ 43. The Petition also references various amounts of medical expenses, cervical and lumbar fusions, and a spinal cord simulator surgery. *See, e.g.,* R. Doc. 1-1, ¶¶ 23, 33, 38, 45.
[5] R. Doc. 1-1, ¶¶ 50-53.
[6] R. Doc. 1, ¶ 7.
[7] R. Doc. 1, ¶ 8.
[8] Emphasis added.
[9] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).
[10] *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

To the extent HIC (*i.e.*, the currently named insurer defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of HSIC in the place of HIC – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[11] As HIC was named as a defendant in this action, HSIC must allege the citizenship of HIC so that this Court can determine whether subject matter jurisdiction existed at the time of removal pursuant to 28 U.S.C. § 1332. Accordingly, HSIC will be ordered to file a Motion to Substitute the Notice of Removal with an Amended Notice of Removal which adequately alleges the citizenship of the currently named insurer defendant, HIC. In the alternative, if Plaintiff agrees that HSIC is the correct defendant,

---

[11] The *De Jongh* Court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed. Appx. at 438, 39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed. Appx. 946, 948 & n. 1 (5th Cir. May 18, 2009) (*per curiam*) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). At least one district court in this circuit disagrees that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389750, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id*. at *4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. While it is correct that, pursuant to 28 U.S.C. § 1441(a), only "the defendant or the defendants" have the right to remove; however, removal by a non-party appears to be a waivable procedural defect. Here, Plaintiff did not file a motion to remand within the time to raise a procedural defect under 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

Plaintiff shall file a motion for leave to amend his Complaint to substitute HSIC for HIC as the defendant in this case.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship.[12]

Accordingly,

**IT IS ORDERED** that, on or before **July 10, 2023,** Hudson Specialty Insurance Company shall file a motion for leave to file an amended Notice of Removal that adequately alleges the citizenship of the currently named insurer defendant Hudson Insurance Company.

**ALTERNATIVELY,** if Plaintiff John Breeding agrees that Hudson Specialty Insurance Company is the correct defendant, then **IT IS ORDERED** that, on or before **July 10, 2023,** Plaintiff shall file a motion for leave to amend his Complaint to substitute Hudson Specialty Insurance Company for Hudson Insurance Company as the correct defendant in this matter.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 26, 2023.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

---

[12] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").